UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELLA MORGAN | * | CIVIL DOCKET |
| | * | |
| VERSUS | * | NUMBER: 14-1719 |
| | * | |
| MARLIN N. GUSMAN, | * | SECT. I |
| ORLEANS PARISH SHERIFF; | * | |
| DR. SAMUEL GORE; DR. MICHAEL | * | MAG. 2 |
| HIGGINS; VINCENT DILEO, as executor of | | |
| Estate of Dr. MARCUS DILEO; | * | |
| CHIEF EARL WEAVER; | * | |
| LT. KENT JOHNSON; | * | |
| ORLEANS PARISH SHERIFF | * | |
| DEPUTIES ANDERSON, JACKSON, | * | |
| AND COLEMAN; K. DAVIS; | * | |
| R. GATES; L. PHIPPS; P. MACKIE; | * | |
| V. GABRIEL; S. WATSON; V. NEWIS; | * | |
| AND JOHN DOES #1-6 | * | |

******************************************

## FIRST AMENDED COMPLAINT

**NOW COMES** the plaintiff, **DELLA MORGAN**, through undersigned counsel, and respectfully files this First Amended Complaint to add additional defendants in this matter and to make other amendments, pursuant to Federal Rule of Civil Procedure 15. The plaintiff amends her original complaint as follows:

**1.**

**By amending paragraph 13 to read as follows:**

13. **DEPS. ANDERSON, COLEMAN, JACKSON, ANTONIO RICHARD, J. THOMAS, M. WILLIAMS, AND RONALD WILLIAMS,** in their individual and official capacities as Orleans Parish Sheriff's Deputies, are adult citizens of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all pertinent times, defendants **ANDERSON**,

1

**COLEMAN, JACKSON, RICHARD, THOMAS, M. WILLIAMS, AND RONALD WILLIAMS** were employed by the OPSO as correctional officers assigned to the locations where Mr. Morgan was held and/or died. They were responsible for communicating serious medical conditions of detainees like Mr. Morgan to medical staff. On information and belief, they were also responsible for checking on Mr. Morgan when he was in isolation or for insuring that other deputies did the required checks.

**2.**

By amending paragraph 14 to read as follows:

14.   Defendants **K. DAVIS, R. GATES, L. PHIPPS, P. MACKIE, V. GABRIEL, S. WATSON, V. NEWIS, R. ADAMS, S. SMITH, AND D. THOMPSON** were each employees of the OPSO, licensed and employed as LPNs and/or RNs, at all pertinent times herein, and were responsible for providing adequate and appropriate nursing care for inmates at OPSO, including Mr. Morgan.  The duties of these nurses included documentation and paperwork necessary for continuity of care of persons in the custody of the OPSO, including assessment and monitoring of the medical and psychiatric condition, health, and safety of Mr. Morgan and providing appropriate and adequate nursing care and assessments for him, with proper documentation of same.  Defendants **K. DAVIS, R. GATES, L. PHIPPS, P. MACKIE, V. GABRIEL, S. WATSON, V. NEWIS, R. ADAMS, S. SMITH, AND D. THOMPSON** had the authority and responsibility to monitor and make regular periodic checks of Mr. Morgan's physical and mental status, including the duty to insure that he was in a safe, appropriate environment and that he was receiving appropriate treatment.  They further had the duty to report relevant facts regarding Mr. Morgan's behavior and symptoms to appropriate medical providers.  These defendants are sued

2

in their individual and official capacities. These defendants are persons of full age of majority, and on information and belief are residents of the Eastern District of Louisiana.

**3.**

**By amending paragraph 15 to read as follows:**

15. Defendant **DR. JOSE HAM,** in his individual and official capacity, is an adult citizen of the State of Louisiana and, on information and belief, is domiciled in the Eastern District of Louisiana. **HAM** is a medical doctor employed by OPSO, who was the Health Services Administrator at all pertinent times herein, and was responsible for assisting with supervising daily administrative operations within the department including quality control, review of medical records, establishing and maintaining functional information systems within the medical department and between medical and security personnel. He was also responsible for oversight, training, and supervision of medical employees and health care training for correctional officers, as well as coordination between medical and security personnel. On information and belief, he was responsible for coordinating the medical care for Mr. Morgan and assisted in the care and treatment of Mr. Morgan. He was responsible for insuring that appropriate and adequate medical, psychiatric and nursing care was given to persons at risk for suicide in the custody of OPSO. At all pertinent times herein he was responsible for providing appropriate and adequate medical care to persons in custody of the OPSO, including Clifton Morgan. He had supervisory responsibilities over other medical staff as well as correctional officers and medically trained personnel who had responsibilities related to patient care. He was also responsible for reviewing charts and doing quality control regarding the standards and practices of the Medical Department at OPP. He is sued in his individual and official capacity. He is a person of the full age of majority and, on information and belief, is a resident of the Eastern District of Louisiana.

**4.**

**By amending paragraph 22 to read as follows:**

22.	Mr. Morgan continued to plead for his psychiatric medication while he was incarcerated. He also repeatedly told jail staff, including the defendants, and particularly defendant **HIGGINS** and other medical defendants, that he was feeling suicidal. He also made multiple formal requests for medical service specifically requesting his medication, which were handled by defendant **HAM**. The defendants, however, continued to refuse to provide him medications or otherwise give him appropriate and adequate care.

**5.**

**By amending paragraph 29 to read as follows:**

29.	Mr. Morgan was placed in a multi-person cell in general population. A short time later, however, he informed defendant **RICHARD** that he was feeling suicidal and requested a transfer to the psychiatric tier. On information and belief, defendant **RICHARD** deliberately and/or negligently ignored Mr. Morgan's request, and failed to inform the Watch Commander or defendant **RICHARD'S** relief deputy of Mr. Morgan's stated condition. On information and belief, defendant **RONALD WILLIAMS,** at the direction of defendants **WEAVER** and/or **JOHNSON,** transferred Mr. Morgan to the cell where he ultimately died.

**6.**

**By amending paragraph 49 to read as follows:**

49.	The defendants were aware of these findings by the National Institute of Corrections and the Department of Justice. However, the defendants, and in particular defendants **GUSMAN**, **GORE**, **HIGGINS**, **DILEO,** and **HAM** failed to take necessary and appropriate actions to address these issues or to insure that the mental health services at the Orleans Parish jail

conformed with community standards and constitutional standards.

**7.**

**By amending paragraph 57 to read as follows:**

57.     Defendants **GUSMAN**, **GORE**, **HIGGINS**, **DILEO**, **HAM** and **WEAVER** knew, must have known or should have known of these deficient conditions, yet they failed to take adequate steps to insure that appropriate and necessary changes in policies, procedures, staffing, training and/or facilities were taken in order to provide adequate care to suicidal and mentally ill patients. These defendants also failed to insure that appropriate supervision and disciplinary action was taken in situations where prisoners suffered or died as the result of inadequate or inappropriate care or treatment by OPSO staff.

**8.**

**By amending paragraphs 90 and 91 to read as follows:**

90.     Defendants **GUSMAN**, **GORE**, **HIGGINS**, **HAM** and **DILEO** knew, must have known, or should have known that the policies and procedures of the jail for providing medical services and treatment of psychiatric patients, including the suicide prevention and "suicide watch" procedures, facilities and staff, were seriously deficient and inadequate and posed a serious risk of harm to the serious medical and psychiatric needs of prisoners so confined, yet they failed to take appropriate or necessary steps to correct them.

91.     The defendants **GUSMAN**, **GORE**, **HIGGINS**, **DILEO, HAM,** and **WEAVER** knew, must have known, or should have known of the serious inadequacies of the policies, procedures, customs, and practices at OPSO relating to prisoners who were suicidal, and had the obligation and ability to correct these deficiencies but failed to do so.

**9.**

**By amending paragraphs 97 and 98 to read as follows:**

97. Defendants **DAVIS, GATES, PHIPPS, MACKIE, GABRIEL, WATSON, NEWIS, ADAMS, SMITH,** and **THOMPSON** were responsible for providing adequate and appropriate nursing care for Mr. Morgan. They were responsible for the documentation and paperwork necessary for continuity of care of Mr. Morgan, including assessment and monitoring of the medical and psychiatric condition, health, and safety of Mr. Morgan and providing appropriate and adequate nursing care and assessments for him, with proper documentation of same. Defendants **DAVIS, GATES, PHIPPS, MACKIE, GABRIEL, WATSON, NEWIS, ADAMS, SMITH,** and **THOMPSON** failed in their responsibility to monitor and make regular periodic checks of Mr. Morgan's physical and mental status, including the duty to insure that he was in a safe, appropriate environment, that he was receiving appropriate treatment, and to report relevant facts regarding Mr. Morgan's behavior and symptoms to appropriate medical providers. These defendants' actions with respect to the care of Mr. Morgan exhibited deliberate indifference to Mr. Morgan's serious medical needs. Furthermore, and in the alternative, these defendants' care of Mr. Morgan fell below the applicable standard of care and was negligent.

98. Defendants **ANDERSON**, **COLEMAN, JACKSON, ANTONIO RICHARD, J. THOMAS, M. WILLIAMS, AND RONALD WILLIAMS,** are each persons who had the responsibility and duty to monitor Mr. Morgan while he was in custody of OPSO and/or while he was being held in the isolation cell, to communicate any problems to the appropriate personnel, and to intervene if necessary to assist him. Each of these defendants failed in their duty to him, exhibiting deliberate indifference and/or negligence.

**10.**

**By amending paragraph 109 to read as follows:**

109.    Defendants **GUSMAN, GORE, HIGGINS, HAM, WEAVER,** and **DILEO**, acting individually and collectively, established, condoned, ratified, and encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of the deceased, as alleged herein, and the damages and injuries described herein, in violation of the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. 1983. They did so with deliberate indifference to the rights of detainees at OPSO facilities.

**11.**

**By amending paragraph 125 to read as follows:**

125.    The defendants, **GORE, HIGGINS, DILEO, HAM, DAVIS, GATES, PHIPPS, MACKIE, GABRIEL, WATSON, NEWIS, ADAMS, SMITH, AND D. THOMPSON** each acted in derogation of their duties as medical professionals and their treatment of Clifton Morgan was beneath the standard of care in the community.

**WHEREFORE,** the plaintiff, **DELLA MORGAN**, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the state law claims, and after due proceedings there be a judgment in her favor and against defendants holding them liable jointly, severally, and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorneys' fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable, and general relief available.

Respectfully submitted, this 22nd day of September, 2014

/s Stephen J. Haedicke

**STEPHEN J. HAEDICKE** (# 30537)
Co-counsel for Plaintiff
639 Loyola Ave. #1820
New Orleans, LA  70113
(504)525-1328 Telephone
(504)910-2659 Fax
haedickelaw@gmail.com

-AND-

Emily Faye Ratner (# 35289)
Co-counsel for Plaintiff
316 S. Dorgenois St.
New Orleans, LA 70119
(504) 822-4455 Telephone
(504) 822-4458 Fax
msemilyfaye@gmail.com

### *CERTIFICATE OF SERVICE*

    I hereby certify that on September 22, 2014 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

    s/ Stephen J. Haedicke